BLACK, Circuit Judge,
specially concurring:
In part IV.B. of the opinion, the Court holds that a government official who implements a plan to discriminate against black persons in public housing and fires a subordinate employee for refusing to discriminate pursuant to the plan has no qualified immunity. I completely agree.[1] I write separately because of the explanation given for today’s decision.
Part IV.B. of the opinion sets out two alternative bases for finding clearly established law to overcome qualified immunity: first, the plain language of 42 U.S.C. § 3617; and second, the clear command of 24 C.F.R. § 100.400(c)(3), which interprets 42 U.S.C. § 3617. Section 3617 is a very general statute and is not sufficiently fact-specific to satisfy the requirements of Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F.3d 1146, 1149-50 (11th Cir.1994) (en banc). As this Circuit has made clear, it is the “exceptional case where the words of a federal statute or federal constitutional provision will be specific enough to establish the law applicable to particular circumstances clearly and to overcome qualified immunity even in the absence of case law.” Santamorena v. Georgia Military College, 147 F.3d 1337, 1340 n. 6 (11th Cir.1998) (emphasis added) (quoting Lassiter, 28 F.3d at 1150 n. 4). Thus, the federal regulation is the only remaining *1311 source of clearly established law. Neither party cited 24 C.F.R. § 100.400(c)(3) in the briefs to this Court or the district court. We requested supplemental briefing as to whether 24 C.F.R. § 100.400(c)(3) even applies to the facts of this case and were not informed of any United States Supreme Court or Eleventh Circuit ease in which 24 C.F.R. § 100.400(c)(3) is mentioned.
Even if a regulation can be the basis of clearly established law, neither this Circuit nor the Supreme Court has ever so held. Moreover, I doubt that a regulation which on its face purports only to be an executive department’s “interpretation of [unlawful] conduct” can be the basis of clearly established law.[2] In the context of qualified immunity, I believe courts should not give much weight to executive branch regulations interpreting statutes when the regulations have not been held by a court to be accurate interpretations. At any rate, 24 C.F.R. § 100.400(e)(3) should not be deemed the source of clearly established law in this case, where the Court today recognizes its application for the first time.
The purpose of qualified immunity is to protect government officials from liability for conduct they could not reasonably have known was unlawful. Much of federal constitutional law and statutory law is unpredictable and unclear in its application to particular circumstances. ’ Thus, as the Court states, we require materially similar case law or a very specific statute before saying that a government official should have known her conduct was unlawful.[3] There is no specific pre-existing case law applicable to this case.
On the other hand, we have recognized that in the extremely rare case a government official’s conduct may be so egregious, in fact evil, as to be obviously contrary to federal law, so that no case law or statute needs to have recognized previously that materially similar conduct is unlawful. The facts alleged here, if true, make this that extremely rare case. More than a century after the Civil War and more than a quarter century after the great crusade for civil rights for black persons in this country, no government housing official could reasonably believe that she may lawfully discriminate against black persons on the basis of race, or that she might punish another public official for refusing to discriminate in the course of her official duties against black persons on the basis of race.

. I also concur with the majority in parts I, II, III, and IV.A. of the opinion.

. The regulation "provides the Department’s interpretation of the conduct that is unlawful under section 818 of the Fair Housing Act.” 24 C.F.R. § 100.400(a).

. See Opinion at 1301 ("Ordinarily, a plaintiff who seeks to overcome a state official’s affirmative defense of qualified immunity must cite case law, in force at the time of the defendant's actions, that would have made it absolutely clear that the defendant’s conduct violated federal law [and] we have acknowledged the possibility that some federal statutory provisions will be sufficiently clear on their own to provide defendants with fair notice of their obligations under the law.”).